UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| Star V. Miller, | ) | Civil Action No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3-15-cv-677-CRS |
| | ) | |
| | ) | **COMPLAINT** |
| Nelnet Servicing, LLC, | ) | **AND** |
| | ) | **JURY DEMAND** |
| and | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Star V. Miller ("Plaintiff") comes, by counsel, for her complaint against Nelnet Servicing, LLC ("Nelnet"), and Equifax Information Services, LLC ("Equifax") ("Defendants") and states the following:

This is a complaint based on 1) Nelnet's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681i, *et seq*. ("FCRA") by (a) reporting false information about Plaintiff to credit reporting agencies, (b) communicating with Plaintiff after having received notice that she was represented by counsel, and (c) harassing Plaintiff in connection with an attempt to collect a debt, and 2) Equifax's violation of the FCRA by failing to delete inaccurate information from Plaintiff's consumer file after having received notice that the information was inaccurate.

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction pursuant to the FCRA and FDCPA.

1

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts business in this District, and a substantial portion of the acts giving rise to this action occurred in this District.

## THE PARTIES

3. Plaintiff is an adult resident of Jefferson County, Kentucky.

4. Plaintiff is a "consumer" for FCRA purposes as defined at 15 U.S.C. § 1681a(c).

5. Plaintiff is a "consumer" for FDCPA purposes as defined at 15 U.S.C. § 1692a(3).

6. Nelnet is a Limited Liability Company with a principal place of business at 121 South 13th Street, Suite 201, Lincoln, Nebraska 68508.

7. Nelnet conducts a substantial amount of business throughout the country, including in Jefferson County, Kentucky and other places in the Western District of Kentucky.

8. Nelnet is a "person" for FCRA purposes as defined at 15 U.S.C. § 1681a(b).

9. Nelnet is a "debt collector" for FDCPA purposes as defined at 15 U.S.C. § 1692a(6).

10. Equifax is a Limited Liability Company with a principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

11. Equifax conducts a substantial amount of business throughout the country, including in Jefferson County, Kentucky and other places in the Western District of Kentucky.

12. Equifax is a "credit reporting agency" for FCRA purposes as defined at 15 U.S.C. § 1681a(f).

## FACTUAL BACKGROUND

13. On or about April 2, 2013, an unknown person, without Plaintiff's knowledge or authorization, submitted a Direct Loans student loan application to the Department of Education using Plaintiff's name, social security number, and date of birth. The loan application also

included an email address, physical address, and telephone number purported to be that of Plaintiff. The loan application was in connection with enrollment at the University of Phoenix, an online post-secondary education provider.

14. Plaintiff has never used the email address, physical address, or telephone number listed on the loan application described in Paragraph 13 above.

15. The unknown person signed loan application described in Paragraph 13 above electronically, which resulted in a computer-generated signature.

16. The computer generated signature is indistinguishable from other computer-generated words on the loan application described in Paragraph 13 above.

17. The Department of Education subsequently disbursed funds in connection to the loan application described in Paragraph 13 above.

18. Plaintiff did not receive any funds described in Paragraph 17 above.

19. Plaintiff does not know the identity of the person who submitted the loan application described in Paragraph 13 above, and she does not know the identity of any person who received or otherwise benefitted from the funds described in Paragraph 17 above.

20. As a result of the transaction described in Paragraphs 13-19 above, Nelnet began reporting a student loan debt account in Plaintiff's name to consumer credit agencies.

21. Plaintiff does not have a high school education and has never applied to or attended any post-secondary educational institution, including the University of Phoenix.

22. On or about June 6, 2014, Plaintiff received a bill from Nelnet in connection with the loan described in Paragraph 17 above.

23. On or about June 6, 2014, Plaintiff notified the Jeffersontown, Kentucky Police Department of the events described above, and she made a formal identity theft complaint.

24. Det. Brandon Gwynn of the Jeffersontown Police Department took Plaintiff's report and filed it under Incident No. KY 940646995.

25. Plaintiff never learned of the results of the criminal investigation.

26. On or about June 6, 2014, Plaintiff notified Nelnet by phone that the account connected to the loan described in Paragraph 17 above was erroneous.

27. On August 18, 2014, Nelnet notified Plaintiff in writing that Nelnet required additional information, including a copy of a police report, signature samples, and an affidavit, before Nelnet could make a determination regarding Plaintiff's allegation of identity theft.

28. On November 26, 2014, Plaintiff provided to Nelnet the information requested, including a copy of the police report described in Paragraph 24 above, five (5) signature samples, and an affidavit of forgery.

29. On December 8, 2014, Nelnet notified Plaintiff in writing that the information that she submitted, described in Paragraph 28 above, was insufficient.

30. The notice described in Paragraph 29 above was not specific as to the insufficiency.

31. On December 23, 2014, Plaintiff notified Nelnet, through counsel, in writing, via certified mail, to cease communication with her regarding the account.

32. On December 29, 2014, Nelnet notified Plaintiff and her attorney, in writing, that Nelnet required Plaintiff to sign a Release of Authorization Form before Nelnet would communicate with counsel regarding the account.

33. On January 2, 2015, Plaintiff signed and provided the Release of Authorization Form to Nelnet.

34. On January 21, 2015, Plaintiff, through counsel, provided to Nelnet, in writing, another affidavit, more signature samples, and another copy of the police report.

35. On February 11, 2015, Nelnet notified Plaintiff in writing, again, that the information that she submitted, described in Paragraph 34 above, was insufficient.

36. The notice described in Paragraph 35 above was not specific as to the insufficiency.

37. On February 3, 2015, Plaintiff disputed the accuracy of the account through the three major credit agencies.

38. Defendant never learned of the outcome of any of the disputes described in Paragraph 37 above.

39. On February 11, 2015, Nelnet, notified Plaintiff in writing, again, that the information that she submitted previously alleging identity theft was insufficient.

40. The notice described in Paragraph 39 above was not specific as to the insufficiency.

41. On February 19, 2015, Plaintiff, through counsel and in writing, requested the status of the identity theft investigation.

42. On February 23, 2015, Nelnet notified Plaintiff, in writing, that the investigation of fraud stopped because she failed to submit signature samples.

43. On February 25, 2015, Plaintiff, through counsel, requested assistance of the Federal Student Aid Ombudsman Group for the purpose of working with Nelnet.

44. Neither Plaintiff nor her attorney ever any acknowledgment or assistance from the Federal Student Aid Ombudsman Group.

45. On March 2, 2015, Plaintiff, through counsel and in writing, provided Nelnet with an additional five (5) signature samples.

46. On April 19, 2015, Nelnet mailed to Plaintiff a Student Loan Account Statement indicating that a payment of $13.77 was due on May 10, 2015.

47. On May 20, 2015, Nelnet mailed to Plaintiff a Student Loan Account Statement indicating that a payment of $63.77 was due on June 10, 2015.

48. On May 22, 2015, Nelnet mailed to Plaintiff a notice that "A Natural Disaster Forbearance has been applied to your account; no payments are due until June 10, 2015."

49. On May 29, 2015, Nelnet mailed to Plaintiff a notice that "We have postponed your payments until May 31, 2015 to help you recover from the severe storms."

50. On June 3, 2015, Nelnet emailed to Plaintiff a notice that "Accrued interest has been added to your principal balance."

51. On June 19, 2015, Nelnet mailed to Plaintiff a Student Loan Account Statement indicating that a payment of $100.00 was due on July 10, 2015.

52. On July 20, 2015, Nelnet mailed to Plaintiff a Student Loan Account Statement indicating that a payment of $100.00 was due on August 10, 2015.

53. On July 21, 2015, Nelnet mailed to Plaintiff a notice that "Your student loan forbearance, deferment, or six-month grace period ended, and accrued interest has been added to your principal balance."

54. On July 23, 2015, Nelnet mailed to Plaintiff a notice that "We have postponed your payments until 07/09/2015 to help you recover from the severe storms."

55. Throughout all of the events listed in Paragraphs 22-54, Nelnet continued to provide the erroneous account information to credit reporting agencies concerning Plaintiff.

56. Throughout all of the events listed in Paragraphs 22-54, Equifax continued to publish the erroneous Nelnet account information on Plaintiff's credit report, without any indication that Plaintiff disputed the accuracy of the information.

## CLAIMS FOR RELIEF

### Count I – Nelnet's violations of the FDCPA

57. Nelnet's communications with Plaintiff described in Paragraph 32, Paragraph 35, Paragraph 39, Paragraph 42, Paragraph 46, Paragraph 47, Paragraph 48, Paragraph 49, Paragraph 50, Paragraph 51, Paragraph 52, Paragraph 53, and Paragraph 54 were made after Nelnet received notice that Plaintiff was represented by counsel, in violation of 15 U.S.C. § 1692c(a)(2).

58. Nelnet's communications with Plaintiff described in Paragraph 29, Paragraph 35, Paragraph 39, Paragraph 42, Paragraph 49, Paragraph 53, and Paragraph 54 served no legitimate purpose but instead were made with the sole purpose to harass or abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

59. Nelnet communicated to Equifax the erroneous account information concerning Plaintiff after learning that the information was erroneous, in violation of 15 U.S.C. § 1692e(8).

60. Nelnet is liable to Plaintiff for the violations described in Paragraphs 57-59 above pursuant to 15 U.S.C. § 1692k.

### Count II – Equifax's violations of the FCRA

61. Equifax failed to investigate the accuracy of or otherwise attempt to verify the Nelnet account information on Plaintiff's credit report after having received notice from Plaintiff that she disputed the information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

62. Equifax failed to promptly delete the inaccurate Nelnet account information from Plaintiff's credit report after having the opportunity to investigate and verify the information, in violation of 15 U.S.C. § 1681i(a)(5)(A)(i).

63. Equifax failed to indicate on Plaintiff's consumer report that Plaintiff disputed the Nelnet account information, in violation of 15 U.S.C. § 1681(c)(f).

64.     Equifax is liable to Plaintiff for the violations described in Paragraphs 57, 58, and 59 above pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

\* \* \* \* \* \* \* \* \* \* \* \*

**WHEREFORE**, Plaintiff requests that the Court grant her the following:

A.  An award of actual damages;

B.  An award of statutory damages;

C.  An award of attorney's fees and costs;

D.  A finding that the Plaintiff is not indebted to any party with respect to the underlying account, which is the subject of Defendants' unlawful behavior;

E.  An Order requiring Nelnet to discharge the underlying debt with respect to Plaintiff because Plaintiff is the victim of identity theft;

F.  An Order requiring Nelnet to refrain from reporting inaccurate information about Plaintiff to credit reporting agencies;

G.  An Order requiring Equifax to remove inaccurate information about Plaintiff from its files; and

H.  Any other relief to which Plaintiff is entitled.

Respectfully submitted,

  /s/ Walter Matthew Hudson
Walter Matthew Hudson
*Attorney at Law*
107 S. 1st. Ave., Suite 1
La Grange, KY 40031
(502) 225-3294 Phone
(502) 324-7628 Fax
matt@matthudsonlaw.com

8